IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2018 SEP 26  A 11: 35
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:18CR416-WKW |
| | ) | [18 U.S.C. § 922(g)(1); |
| KEMOND JAREUZ FORTSON | ) | 21 U.S.C. § 841(a)(1); |
| | ) | 18 U.S.C. § 924(c)(1)(A)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

COUNT 1
(Possession of a Firearm by a Prohibited Person)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

KEMOND JAREUZ FORTSON,

having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, did knowingly possess a firearm and ammunition, in and affecting interstate and foreign commerce, that is: a Ruger, model LC9s, 9mm handgun and live ammunition, better descriptions of which are unknown, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 2
(Violation of Controlled Substances Act)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

KEMOND JAREUZ FORTSON,

did knowingly and intentionally possess and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3
(Violation of Controlled Substances Act)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

KEMOND JAREUZ FORTSON,

did knowingly and intentionally possess and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4
(Violation of Controlled Substances Act)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

KEMOND JAREUZ FORTSON,

did knowingly and intentionally possess and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 5
(Violation of Controlled Substances Act)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

### KEMOND JAREUZ FORTSON,

did knowingly and intentionally possess and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of clonazepam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 6
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about October 3, 2017, in Montgomery County, within the Middle District of Alabama, the defendant,

### KEMOND JAREUZ FORTSON,

did knowingly use and carry a firearm, during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute a controlled substance, as set out and incorporated herein by reference from Counts 2 through 5 of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION-1

A. The allegations contained in Counts 1 and 6 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A) set forth in Counts 1 and 6 of this indictment, the defendant,

KEMOND JAREUZ FORTSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Section 922(g)(1). The property includes, but is not limited to, a DPMS, model AR-15, .223 caliber rifle and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

FORFEITURE ALLEGATION–2

A. The allegations contained in Counts 2 through 5 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

4

B. Upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1) set forth in Counts 2 through 5 of this indictment, the defendant,

KEMOND JAREUZ FORTSON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 841(a)(1). The property includes, but is not limited to, a DPMS, model AR-15, .223 caliber rifle and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

*/s/ Linda A. Gill*
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Kevin P. Davidson
Assistant United States Attorney