IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CR-416-WKW |
| | ) | [WO] |
| KEMOND JAREUZ FORTSON | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the Magistrate Judge's Recommendation (Doc. # 86), as supplemented (Doc. # 100), recommending the denial of Defendant Kemond Jareuz Fortson's motion to suppress (Doc. # 21). Defendant filed objections to the Recommendation. (Doc. # 101.) The court has conducted a complete and careful review of the entirety of the Recommendation. It also has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which Defendant objects. 28 U.S.C. § 636(b)(1).

Defendant's objections fall broadly into two categories. First, Defendant objects to the Magistrate Judge's conclusion that, in conjunction with Defendant's arrest, officers lawfully searched the master bedroom/bathroom pursuant to a *Buie I* protective sweep. *See Maryland v. Buie*, 494 U.S. 325 (1990) (discussing the constitutional limits of protective sweeps conducted in conjunction with in-home arrests). Distilled to its essence, this objection challenges the Magistrate Judge's

resolution of credibility disputes between the Government's and Defendant's witnesses. During three evidentiary hearings, the Magistrate Judge had the opportunity to hear the witnesses' testimony and to assess the witnesses' believability.

When accepting a Magistrate Judge's credibility findings, the district court must review the transcript or listen to a recording of the proceedings. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). But it is not required to rehear the testimony. *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that upon the district court's review of a magistrate judge's recommendation on dispositive motions, § 636(1)(B) "calls for a de novo determination, not a de novo hearing"); *Wofford v. Wainwright*, 748 F.2d 1505, 1507 (11th Cir. 1984) ("[T]he Due Process Clause does not require a district judge who has referred a suppression motion to a magistrate for an evidentiary hearing to hold a second hearing before adopting the magistrate's evaluations of the witnesses' credibility.").

The court has reviewed the transcripts from the three evidentiary hearings. (Docs. # 61, 78, 99.) In the Recommendation, the Magistrate Judge's credibility determinations are detailed, well-reasoned, and supported by the testimony. The court finds no basis to disturb the Magistrate Judge's credibility findings that Defendant was arrested in the mouth of the hallway in the rear of the apartment and

that the seized controlled substances were in plain view in the master bedroom/bathroom that immediately adjoined the place of Defendant's arrest. Those factual findings support the Magistrate Judge's legal conclusion that the controlled substances were found during a lawful *Buie I* protective sweep. Defendant does not offer any new evidence or argument that necessitates deviation from the Magistrate Judge's findings and recommendations.

Second, Defendant's objection to the Magistrate Judge's conclusion that the officer's activation of the key fob amounted to an unlawful search lacks merit and warrants only brief mention. (*See* Doc. # 101, at 13 (objecting that the officer should not have "touched" the key fob "without a warrant").) The Magistrate Judge concluded that, "under the totality of the circumstances," the officer's "use of the key fob was not an unreasonable search or seizure" or, alternatively, that "to the extent pressing the key fob button was a search and seizure," the search and seizure was "permissible under the automobile exception to the Fourth Amendment's warrant requirement because it was based on probable cause." (Doc. # 86, at 29, 31.) After *de novo* review, the court finds that the Recommendation is correct.

Based on the foregoing, it is ORDERED as follows:

(1)   The Magistrate Judge's Recommendation (Doc. # 86), as supplemented (Doc. # 100), is ADOPTED;

(2)   Defendant's objections (Doc. # 101) are OVERRULED; and

(3)     Defendant's motion to suppress (Doc. # 24) is GRANTED as to the cell phones seized prior to the search warrant and DENIED as to all evidence found in the apartment as part of the *Buie I* protective sweep and as part of the search conducted pursuant to a warrant.

DONE this 12th day of May, 2020.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE