IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cr-416-WKW |
| | ) | [WO] |
| KEMOND FORTSON | ) | |

**ORDER**

Before the court is the Government's motion in limine to prohibit Defendant

from relitigating the suppression issues during trial.  (Doc. # 123.)  Defendant has

not responded to the motion.  For the reasons below, the Government's motion in

limine will be granted.

Motions to suppress must be made *before* trial.  Fed. R. Crim. P. 12(b)(3)(C).

Defendant filed a motion to suppress (Doc. # 21) that received a full evidentiary

hearing on June 6, July 16, and August 28, 2019.  The Magistrate Judge wrote a

detailed recommendation and supplemental recommendation (Docs. # 86, 100)

explaining why, under governing law, Defendant's motion to suppress should be

denied.  The District Judge considered *de novo* that recommendation and evaluated

Defendant's objections in its order adopting the recommendation and denying

Defendant's motion to suppress.  (Doc. # 119.)

"Ordinarily, when a motion to suppress is denied before trial, the legal basis

of this denial becomes the law of the case for purposes of the trial, subject to

appellate review, and the defendant may not relitigate the suppression issue at trial."

*United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970).[1]  The requirement that

a motion to suppress be made before trial "is designed to eliminate from trial disputes

over police conduct not immediately relevant to the question of guilt."  Fed. R. Crim.

P. 12 advisory committee's note to subdivision (b)(3).  "Motions to suppress fall into

the class of issues that are decided by the court and not the jury."  *United States v.*

*Stevenson*, 396 F.3d 538, 541 (4th Cir. 2005) (citing Fed. R. Crim. P. 12(b)(3)(C),

12(d); Fed. R. Evid. 104(a)).

It is ORDERED that the Government's motion in limine to prohibit Defendant

from relitigating the suppression issues during trial (Doc. # 123) is GRANTED.

DONE this 16th day of July, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1]  *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.